# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAMI HOUSLEY, | |
| Plaintiff, | 8:15CV209 |
| vs. | |
| JENSEN TIRE & AUTO, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's Motion to Compel Discovery, Motion for Sanctions and Motion to Dismiss (Filing No. 25). The defendant filed a brief (Filing No. 27) and an index of evidence (Filing No. 26) in support of the motion. In the index of evidence, the defendant attached copies of the discovery served, which includes Requests for Admissions, Interrogatories, and Request for Productions of Documents. The defendant's counsel states she made attempts to obtain delinquent discovery from the plaintiff's counsel without success. **See** Filing No. 26 - Hewitt Aff. ¶¶ 14-19. The plaintiff did not respond to the defendant's February 9, 2016, motion. However, on February 23, 2016, the plaintiff filed a certificate of service stating counsel served answers and responses on that date. **See** Filing No. 28.

## ANALYSIS

The Federal Rules of Civil Procedure require a responding party to serve answers and any objections to properly served interrogatories, requests for production, and requests for admissions within thirty days of service. **See** Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Although the parties agreed to several extensions of time, the plaintiff provided the court with neither an explanation for the delinquent discovery responses nor good cause for excuse from waiver. Accordingly, the plaintiff shall provide interrogatory responses without objection and shall produce the requested documents. Furthermore, the plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a). Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed-- the court must, after giving an opportunity to be heard,

> require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The plaintiff's failure to provide discovery responses required the defendant to file a motion to compel. The plaintiff has now conceded discovery responses, yet provides no reason for the extraordinary delay or the failure to confer with the defendant. The court shall, after the plaintiff has a chance to respond, grant the defendant's reasonable expenses for filing such motion and other appropriate sanctions, unless the plaintiff shows substantial justification for the failure to provide timely discovery responses. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Compel (Filing No. 25) is granted, as set forth herein.

2. The plaintiff shall have to **on or before March 21, 2016**, to show cause why sanctions, including the award of attorneys' fees under Rule 37(b)(2)(C), should not be imposed. The defendant shall have ten days thereafter to respond to the plaintiff's showing. The plaintiff shall have five days to file a reply.

Dated this 4th day of March, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge