# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAMI HOUSLEY, | |
| Plaintiff, | 8:15CV209 |
| vs. | |
| JENSEN TIRE & AUTO, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's Application for Award of Fees (Filing No. 38). The defendant's motion relates to its Motion to Compel Discovery, Motion for Sanctions and Motion to Dismiss (Filing No. 25). The defendant filed a brief (Filing No. 39) and an index of evidence (Filing No. 40) in support of the application. The plaintiff filed a brief (Filing No. 41) and an index of evidence (filing No. 42) opposing the amount of any award.

On February 9, 2016, the defendant filed a Motion to Compel Discovery, Motion for Sanctions and Motion to Dismiss. **See** Filing No. 25. The defendant filed a brief (Filing No. 27) and an index of evidence (Filing No. 26) in support of the motion. In the index of evidence, the defendant attached copies of the discovery served, which included Requests for Admission, Interrogatories, and Request for Production of Documents. The defendant's counsel stated she attempted to obtain delinquent discovery from the plaintiff's counsel without success. **See** Filing No. 26 - Hewitt Aff. ¶¶ 14-19. The plaintiff did not respond to the defendant's February 9, 2016, motion. However, on February 23, 2016, the plaintiff filed a certificate of service stating counsel served answers and responses on that date. **See** Filing No. 28. On March 4, 2016, the court entered an order granting the motion to compel to the extent the plaintiff conceded the discovery responses. **See** Filing No. 31. Additionally, the court permitted the plaintiff to respond to the request for sanctions. *Id.*

The plaintiff argued no sanctions, monetary or otherwise, should be imposed against her for the tardy discovery because counsel took affirmative action seeking deadline extensions. **See** Filing No. 31 p. 1. The plaintiff stated she provided discovery, including admitting Requests for Admission Nos. 11-21, and explaining her

denials in answers to interrogatories, on February 23, 2016. *Id.* at 2. Nevertheless, the plaintiff's brief also stated, "This court should allow plaintiff to withdraw admissions on Request for Admissions 11-21." *Id.* at 2 (citing case law). The plaintiff argued her discovery responses were complete and the delay did not prejudice the defendant. *Id.* at 4. The plaintiff asserted "counsel exercised reasonable diligence in attempting to fulfill defendant's requests." *Id.* Finally, the plaintiff argued having to respond to the court's show cause order "is an implicit sanction" since this time "could have spent on other tasks." *Id.*

On April 4, 2016, the court awarded the defendant "reasonable costs and attorney's fees in filing the Motion to Compel." **See** Filing No. 37. The parties were unable to agree upon an appropriate award. The defendant filed an application for fees and costs seeking "$10,108.00 for its attorney fees expended in bringing the Motion to Compel, responding to Plaintiff's Motion to Show Cause and submitting this Application for Fees." **See** Filing No. 39 - Brief p. 6. The defendant provided evidence supporting the amount sought in the application, including 12.8 hours for time preparing the motion to compel at counsel's rate of $290 each hour. **See** Filing No. 40 - Hewitt Aff. ¶¶ 6, 7, and 14 and Ex. A. The plaintiff opposes the defendant's request for a fee award to the extent the fees are excessive. **See** Filing No. 41 - Response. The plaintiff argues only the portion of the motion focusing on compelling the delinquent discovery should be compensated and such amount limited to a more appropriate amount. *Id.*

**ANALYSIS**

The court finds the amount sought in the defendant's application is not entirely reasonable. As noted above, the plaintiff's counsel's conduct required the defendant to contact the plaintiff's counsel several times and file the motion to compel. The court found the defendant's motion meritorious because the plaintiff conceded the discovery was due and produced it prior to any court order. The motion raised mostly factual issues requiring little legal research. The court reviewed the affidavit and billing records filed in support of the defendant's motion and finds the amounts are not entirely reasonable under the circumstances. Given the legal and factual simplicity of the briefing in this matter, the amount of time will be reduced. Additionally, the defendant's

brief was substantially similar to the motion. Further, the court limited the costs and fees award to the motion to compel and warned the amount sought therein would be further reduced. Any increased award appears unjust.

The court finds sanctions in the amount of $2,465, for two-thirds of the time spent preparing the motion to compel, is appropriate. **See** Fed. R. Civ. P. 37(a)(5)(A); **see also** Fed. R. Civ. P. 11(c)(4). This monetary sanction will be assessed against the plaintiff and her attorney, Jonathan V. Rehm. Accordingly, the defendant's application will be granted in the amount of $2,465. Upon consideration,

**IT IS ORDERED**:

1. The defendant's Application for Award of Fees (Filing No. 38) is granted to award the defendant reasonable costs and attorney's fees in the amount of $2,465, for a portion of the expense of having to file the motion to compel (Filing No. 25).

2. The plaintiff and her attorney, Jonathan V. Rehm, shall have forty-five days from the date of this Order to pay the defendant the sum of $2,465, and file verification of payment with the court.

Dated this 29th day of April, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge